26457. THE TEXAS COMPANY v. CASON.

DECIDED DECEMBER 4, 1937.

*Ryals, Anderson & Anderson,* for plaintiff.

*Jones, Russell & Sparks, J. W. Popper, Harris, Harris, Russell & Weaver,* for defendant.

STEPHENS, P. J. (After stating the foregoing facts.)   The case turns solely on the construction of the provision in the lease contract that the lessee, that is the plaintiff, may sever and remove from the premises "all fixtures, equipment, and other property of lessee placed on said premises by lessee during the term of this or any previous lease." It appears that the "steel structural filling-station building" was erected by the plaintiff upon the premises at the plaintiff's own expense sometime and during the period of a pre-existing lease.   It does not appear when the shed was erected. In the petition however, the suit is limited to one for the recovery of the steel structural building only.   If the steel structural building which was placed upon the premises by the lessee and at the lessee's expense, and which, at least previous to the time of its erection on the land, was property belonging to the lessee, constitutes a fixture or equipment, or other property of the lessee placed on the premises, or was a trade fixture removable by the lessee independently of any provisions in the contract permitting its removal, the lessee had the right to sever and remove this building, and the petition set out a cause of action, and the court erred in sustaining the demurrer.   If, however, the steel building does not fall within the definition of fixtures, equipment, or other property of the lessee placed on the premises, and is not a fixture removable irrespective of the terms of the contract, the lessee had no right to sever and remove this building, and the petition fails to set out a cause of action and the court properly sustained the demurrer to the petition.   Any property placed by the tenant upon the rented premises, whether it is a removable fixture, or is a part of the realty, may be removed by the tenant when there is a contract authorizing such removal.   The steel structural building is a fixture, whether it is a trade fixture and removable, or is part of the realty and not removable.   When it was brought upon the premises it was the property of the lessee.   It is therefore severable and removable under the provisions of the lease to the effect that the lessee could sever and remove all fixtures and other property belonging to the lessee

which it had placed on the premises during the term of the lease or any previous lease.

It is suggested by the defendant that in construing this provision of the lease with reference to the removal of "fixtures," "equipment," and "other property," the doctrine of ejusdem generis must be applied. The doctrine of ejusdem generis is that where specific and generic descriptive words of the same nature are employed, the specific words have the effect of modifying the meaning of the generic words by restricting their meaning to embrace only that which is designated within · the specific words. It is contended that as "equipment" does not include any property which is part of the realty, but includes only personal property peculiarly adapted to the use of the premises as a filling-station, such as gasoline tanks, pumps, tools, etc., the term "fixtures" must have reference to fixtures such as trade fixtures which are detachable and which do not become part of the realty, and that "other property" placed on the premises must be held to have reference only to property which is in its nature personal in character, and not to property which is part of the realty. It is contended that the steel structural building which the plaintiff erected on the premises was a part of the realty, and was therefore not severable and removable as a trade fixture, and that it therefore does not fall within the provisions of the lease permitting the severance and removal by the lessee of "fixtures," "equipment," or "other property." The doctrine of ejusdem generis has no reference to the construction of this provision of the lease. The term "fixtures," or the term "other property," as used in this clause of the lease, does not necessarily appear to be used in a generic sense with reference to the specific character of the term "equipment." The term "other property" seems to have reference to property not necessarily included in the descriptive terms "equipment" or "fixtures." The meaning of the term "other property" therefore is not modified by any restricted meaning which may be placed on the terms "fixtures" or "equipment." The doctrine of ejusdem generis is only to be followed as a guide and aid in the construction of the provisions of an instrument. The cardinal rule in the construction of a contract is to ·ascertain the meaning of the parties.

Assuming, but not conceding that "fixtures" and "equipment"

have reference to property which is in its nature personal, or is not part of the realty, the expression "other property of the lessee placed on said premises" by the lessee during any previous lease, would include the steel structural building, which the lessee actually placed on the premises at its expense.

The petition set out a cause of action, and the court erred in sustaining the demurrer.

*Judgment reversed. Sutton, J., concurs. Felton, J., dissents.*